**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LIVINGSTON BENNETT, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:26-CV-03391 |
| v. | ) ) | |
| SWEET CANDY COMPANY, | ) ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT**

Defendant, Sweet Candy Company ("Defendant"), submits this Reply in support of its

Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and

12(b)(1). For the reasons set forth below, this Motion is due to be granted.

## I. INTRODUCTION

Defendant, Sweet Candy Company ("Sweet Candy" or "Defendant"), through its

undersigned counsel, respectfully submits this Reply in support of its Motion to Dismiss Plaintiff,

Livingston Bennett's ("Plaintiff") Complaint. In Plaintiff's Memorandum of Law in Opposition

to Defendant's Motion to Dismiss Plaintiff's Complaint (the "Response"), Plaintiff sets forth

several straw man arguments. First, Plaintiff does not provide any compelling counterargument to

conclude that Defendant's standalone website is a "public accommodation" as that term is defined

under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq*. ("ADA"). The

Response also mischaracterizes the scope and holdings of *Doe v. Mutual of Omaha Insurance Co.*,

179 F.3d 557 (7th Cir. 1999) and *Morgan v. Joint Administration Board*, 268 F.3d 456 (7th Cir.

2001) in arguing that these decisions affirmatively establish binding precedent in the Seventh

Circuit that standalone websites are places of public accommodation under the ADA. Simply put, *Doe* and *Morgan* are not binding and involve completely different circumstances. Indeed, Plaintiff's argument fails for the fundamental reason that neither *Doe* nor *Morgan* actually analyzed whether a nexus between a website and a physical location is required for Title III coverage – a point that was conceded by Plaintiff in the Response. As set forth below, this concession is fatal to Plaintiff's reliance on these cases. Moreover, both cases involved insurance offices, which are clearly included in the statutory definition of "public accommodation," whereas "other sales establishment" does not clearly extend to standalone websites. Rather, this court should follow the reasoning in *Henry v. Omoi, Inc.* in holding that a website without a sufficient nexus to a physical location is not a place of public accommodation under the ADA, as that reasoning is not incongruous with the holdings of *Doe* and *Morgan*.

Furthermore, even if a company like Defendant, with no physical retail operations, could somehow be construed as a public accommodation, Plaintiff's argument that he properly pled standing is wrong. As set forth in Defendant's Motion, there is a nearly identical case in which another court dismissed the complaint, which pled more facts than the instant matter. In essence, Plaintiff argues that Courts in the Seventh Circuit should allow Plaintiff's predatory, copy and paste, factually threadbare, high volume ADA website cases to proceed without sufficient facts demonstrating that Plaintiff actually seeks to visit or purchase goods from the companies that he decides to sue. Plaintiff lacks standing.

## II. ARGUMENT

### A. Defendant's Website is Not a Public Accommodation Covered by Title III of the ADA

In his Response, Plaintiff does not dispute that Defendant operates an online only store or that Defendant does not operate any brick-and-mortar stores. [Doc. No. 17, pg. 5]. Rather,

Plaintiff's conclusory contention, both in his Complaint and Response, is that the "situs of a sale does not control". [Doc. No. 17, pg. 6 citing *Morgan*, 268 F.3d at 459]. Plaintiff then claims that "[i]t reflects the Court of Appeals' deliberate, twice-stated articulation of Title III's 'core meaning,' and carefully considered dicta of the Court of Appeals is entitled to substantial weight and is regularly followed by the district courts of this Circuit." [*Id.*]. Plaintiff then cites to *United States v. Crawley*, 837 F.2d 291, 292-293 (7th Cir. 1988) to support his position. However, *Crawley* has no impact on this case given that it addresses the standard of proof required for probation revocation proceedings, not whether a standalone website is a place of public accommodation under Title III. Accordingly, *Crawley* holds no weight in the instant matter. Furthermore, Plaintiff claims district courts in the Seventh Circuit, including the court in *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830 (7th Cir. 2019), relied on *Doe* and *Morgan* in holding that "Title II [sic] is not confined to physical structures". [Doc. No. 17, pg. 7]. That argument is illogical, as is Plaintiff's footnote that "[t]he [*Carello*] court assumed the website-accessibility claim was cognizable and resolved the case on standing because the plaintiff was statutorily ineligible to join the defendant [sic] credit union". [*Id.*]. In *Carello,* the court did not analyze whether a standalone, website-only platform could independently qualify as a place of public accommodation because a *credit union is a physical building* and because the defendant did not make the argument (as it would have been absurd to do so). Accordingly, *Carello* does not support Plaintiff's argument.

Plaintiff's argument that *Doe* is a "pure access claim" and that it asserts that "the right of disabled persons *to enter* 'and, once in, [to use] the facility in the same way that the nondisabled do' . . . confirms, rather than forecloses, coverage of Plaintiff's claim" is false and misleading. [Doc. No. 17, pg. 7 citing *Doe*, 179 F.3d at 559]. Plaintiff conveniently omits that the following sentence in *Doe* then lists a number of examples goods and services being provided at physical

brick and mortar locations: "[t]he owner or operator of, say, *a camera store can neither bar the door* to the disabled nor let them in then refuse to sell its cameras to them on the same terms as to other customers", "*a dentist cannot refuse to fill a cavity* of a person with AIDS unless he demonstrates a direct threat to safety or health", and "an *insurance company* cannot . . . refuse to sell an insurance policy to a person with AIDS". *Doe*, 179 F.3d at 559. Indeed, both *Doe* and *Morgan* involved insurance companies, entities that operate through physical offices and locations. Neither case examined whether the defendants' websites were connected to physical spaces, and neither addressed whether, much less held, that a standalone, website-only platform could independently qualify as a place of public accommodation. The distinction is material: *Doe* addressed discrimination in the provision of insurance products at a public accommodation (insurance company), not whether the website itself is the public accommodation. The language in *Doe* and *Morgan* regarding websites was illustrative and provided in the context of explaining Title III's protection of access to goods and services offered by entities that operate physical establishments. Language that is not dispositive to a case's holding is dicta, and dicta that does not address the specific factual scenario presented here, i.e. whether a standalone website with no alleged connection to any physical location, cannot establish binding precedent that such a website is a place of public accommodation under the ADA.

Indeed, neither the *Doe* nor *Morgan* opinions contain any analysis of digital platforms standing alone and no examination of the nexus question that is dispositive here. Contrarily, *Henry v. Omoi, Inc.* correctly interprets Title III's statutory language and provides the accurate analysis within this District. *See Henry v. Omoi, Inc.*, No. 25-cv-3151, 2026 U.S. Dist. LEXIS 46591 (N.D. Ill. Mar. 6, 2026). Additionally, *Omoi's* analysis respects the Seventh Circuit's anti-discrimination principles while maintaining fidelity to the statutory definition of place of public accommodation.

Furthermore, while *Omoi* concerned denial of a proposed order for a consent decree regarding a settled website accessibility lawsuit, Judge Seeger's opinion carefully dissected statutory construction focused on the core question presented here and concluded that a website is not a place at all because the statutory definition contemplates physical locations. *Id.* at \*8-9. While Plaintiff tries to flatly dismiss Judge Seeger's opinion by claiming it clashes with *Doe* and *Morgan*, *Omoi* runs parallel with both opinions by providing clarity concerning the instant issue that neither *Doe* nor *Morgan* address whatsoever. Similarly to *Carello*, *Doe* and *Morgan* involved defendants that had tangible, physical locations. That is not the situation in the instant case given that Defendant does not operate any physical locations. Defendant's standalone website itself is not and should not be considered a place of public accommodation given that Section 12181(7) does not explicitly address "websites". Accordingly, Defendant's website is not entitled to Title III protections, and the Complaint must be dismissed with prejudice given this incurable pleading defect under Rule 12(b)(6) for failure to state a claim.

### B. Plaintiff's Boilerplate Allegations Do Not Establish an Intent to Return to Confer Standing.

Plaintiff's vague, generic, boilerplate, and conclusory allegations that he "*intends to visit the Website again immediately upon Defendant correcting the access barriers*" and "*still wants to purchase* chocolate sticks on the Website" are insufficient to confer standing. [Doc. No. 1, ¶ 41]. Plaintiff does not plead facts showing that he made any meaningful attempt to purchase Defendant's products through the Website, nor does he allege any concrete reason why he would do so in the future. The absence of such allegations – particularly given the time that has passed since January 2026 – undermines any assertion that Plaintiff has a genuine intent to return. His status as a serial filer in this Court further weakens the inference that he has any real reason to patronize Defendant's Website apart from pursuing litigation. *See Access 4 All, Inc. v. Chicago*

*Grande, Inc.*, No. 06 C 5250, 2007 U.S. Dist. LEXIS 35304, at \*23 (N.D. Ill. May 10, 2007) citing

*Molski v. Mandarin Touch Restaurant*, 385 F. Supp. 2d 1042, 1046 (C.D. Cal. 2005). If Plaintiff

truly intended to order chocolate sticks from Defendant, one would expect more than a lawsuit and

a bare assertion that he *may* revisit the Website someday if Defendant modifies it.

Indeed, Plaintiff's theory would effectively transform every alleged instance of website

inaccessibility into Article III standing so long as Plaintiff alleges deterrence from returning. That

is not enough. If accepted, Plaintiff's position would permit a visually impaired plaintiff to visit

scores of websites, allege that they are inaccessible, and file suit without pleading facts showing a

genuine interest in the particular product at issue, a concrete reason for wanting to purchase that

product from the particular defendant, or any basis for choosing that defendant over numerous

other sellers offering comparable goods.

Nor has Plaintiff explained why Defendant's chocolate sticks are unique, why comparable

products sold by other candy companies would not suffice, or whether Plaintiff has ever purchased

chocolate sticks before. These omissions confirm that Plaintiff has not pled the concrete,

particularized intent necessary to establish standing. Accordingly, Plaintiff has failed to plead

standing, and the Complaint should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant, Sweet Candy Company, respectfully requests that

this Court grant its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil

Procedure 12(b)(6) and 12(b)(1) in their entirety. Plaintiff has failed to allege facts sufficient to

state a claim under Title III of the Americans with Disabilities Act because a standalone website is

not a place of public accommodation as defined by the statute. *See* 42 USCS § 12181.

Furthermore, the language in *Doe* and *Morgan* does not establish otherwise, as neither case

addressed the nexus question or the definitional scope of place of public accommodation as applied to website-only platforms. Contrarily, *Omoi* provides the controlling analysis within this District, and out-of-circuit appellate authority from multiple circuits supports Defendant's interpretation of the statute.

Additionally, Plaintiff's standing allegations are equally deficient because they rest on boilerplate assertions of deterrence rather than facts showing a concrete intent to return. Plaintiff has not alleged any meaningful attempt to purchase Defendant's products, any genuine reason for choosing Defendant's chocolate sticks over comparable alternatives, or any particularized basis for returning to the Website.

Defendant requests that the Court dismiss Plaintiff's Complaint with prejudice, as the defect in Plaintiff's pleading is incurable, particularly in regard to Defendant's Rule 12(b)(6) argument. Plaintiff cannot cure the fundamental problem that Defendant operates a website, not a place of public accommodation as defined by Title III, by adding additional factual allegations. Defendant also requests such other and further relief as the Court deems just and proper.

Dated: June 15, 2026          Respectfully submitted,

By:     /s/ Adi Kanlic
        Adi Kanlic
        O'HAGAN MEYER, LLC
        One East Wacker Drive
        Suite 3400
        Chicago, IL 60601
        Ph: 312-422-6100
        Fx: 312-422-6110
        akanlic@ohaganmeyer.com

        *Attorney for Defendant*
        Sweet Candy Company

**CERTIFICATE OF SERVICE**

This is to certify that on this **15ᵗʰ day of June, 2026**, I electronically filed **DEFENDANT SWEET CANDY COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT,** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alison Chan, Esq.
4903 Avenue N
Brooklyn, NY 11234
O: 844-731-3343 | D: 929-442-2154
Email: Achan@ealg.law
*Attorneys for Plaintiff*

*/s/ Adi Kanlic*
Adi Kanlic
O'HAGAN MEYER LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
(T) 312.422.6100
akanlic@ohaganmeyer.com