**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Livingston Bennett, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 26 C 3391 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Sweet Candy Company, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Livingston Bennett is a visually-impaired person who attempted to purchase chocolate on Defendant Sweet Candy Company's website. R. 1 ¶¶ 2, 10. Bennett alleges that Defendant violated the Americans with Disabilities Act ("ADA") because Defendant's website was inaccessible to visually-impaired customers. *Id.* ¶¶ 4–5. Bennett asks the Court to enjoin Defendant from continuing to operate an inaccessible website. *Id.* ¶¶ 69–70. Defendant moves to dismiss and argues that Plaintiff lacks standing to bring this case. R. 10. For the reasons stated below, Defendant's motion is granted.

### **Legal Standard**

"Standing is an element of subject-matter jurisdiction in a federal civil action" and requires a plaintiff to show that he has "(1) suffered an injury in fact, (2) that it is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1057 (7th Cir. 2018). A "past injury alone is insufficient to establish standing for purposes of prospective injunctive relief." *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017). Thus, "[t]o have standing for prospective injunctive relief, a plaintiff must face a real and immediate threat of future injury as opposed to a threat that is merely conjectural or hypothetical." *Id.* (citations omitted).

**Discussion**

The ADA "prohibits discrimination by public accommodations[1] on the basis of disability, and requires places of public accommodation and commercial facilities to be designed, constructed, and altered in compliance with accessibility standards." *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 n.3 (7th Cir. 1996). To "adequately allege standing for injunctive relief under the ADA, the plaintiff must allege (1) a past injury under the ADA, (2) a reasonable probability that this discriminatory treatment will continue, and (3) based on the plaintiff's frequency of past visits and proximity to the place of public accommodation, that they intend to return to the place in the future." *Cohan v. Kohl's, Inc.*, 2024 WL 3834141, at *2 (N.D. Ill. Aug. 15, 2024). To the extent the ADA applies to websites, however, "proximity is not probative of actual injury . . . because everyone's computer is proximate." *See Winegard v. Golftec Intell. Prop. LLC*, 674 F. Supp. 3d 21, 25 (E.D.N.Y. 2023). Thus, in "the virtual world, the third requirement can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Loadholt v. Dungarees, Inc.*, 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023).

As relevant, Bennett alleges the following: "[He] intends to visit [Defendant's website] again immediately upon Defendant correcting the access barriers. [He] is interested in the confectionery products offered on sweetcandy.com. The website showcases a wide range of candy items, including chocolates, gummies, and hard candies, designed to appeal to a variety of tastes. He is particularly drawn to the website's emphasis on traditional recipes, curated product

---

[1] Defendant also argues that this case should be dismissed because their website is not a place of "public accommodation" under the ADA. R. 11 at 5–8. Because the Court dismisses for lack of standing, the Court does not reach this argument.

selections, and the opportunity to discover nostalgic and flavorful treats crafted with quality ingredients. Therefore, [he] would like to order such products to be shipped directly to his home from the [website]. If the Court does not intervene, [his] injury will continue. [He] still wants to purchase chocolate sticks on the [website]." R. 1 ¶ 41.

These allegations fail to establish standing because Bennett fails to sufficiently articulate his interest in Defendant's products. The allegations—that the website offers a "wide range of candy items", "traditional recipes", "curated product selections", and "flavorful treats"—are generic descriptors applicable to many thousands of websites that sell candy. In other words, beyond a generic interest in candy, Bennett fails to articulate concrete ties or reasons that support an intent to return specifically to Defendant's website. *See Cohan*, 2024 WL 3834141 at *3 ("Absent concrete ties or reasons to support Cohan's intent to return here, he has not adequately alleged a real and imminent threat of future injury."); *see also Loadholt v. Game Goblins, LLC*, 2023 WL 6066220, at *3 (S.D.N.Y. Sept. 18, 2023) (no standing where ADA plaintiff alleged a desire to return to a website to purchase board games but failed to explain "whether [the defendant is] the only retailer who sells those games, or why [the plaintiff] will return to [the website] to purchase [the games] as soon as the accessibility barriers are cured"). Ultimately, to "find standing on the paltry allegations here would allow any sensory-impaired person to sit down at their computer, visit 50 websites (possibly after being referred to them by their non-sensory-impaired lawyer), and bring 50 lawsuits. Standing requires more." *Winegard*, 674 F. Supp. 3d at 25.

The Court also notes that Bennett is a tester plaintiff who has filed 38 complaints since September 2025 seeking relief under the ADA. *See* R. 11 at 11. "[W]hile tester status does not defeat standing, it does not automatically confer it either [because] [a] tester must still satisfy the elements of standing, including the injury-in-fact requirement." *Carello v. Aurora Policemen*

*Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019). And "[w]here a tester plaintiff discovers and is offended by ADA violations on a website, but that website has no actual, specific relevance to that particular plaintiff beyond the plaintiff's desire to seek out and remedy ADA violations, no concrete and particularized injury has been alleged." *Winegard*, 674 F. Supp. 3d at 26.

### Conclusion

For the reasons stated above, the Court finds that Plaintiff lacks standing to bring this case. As such, Defendant's motion [11] to dismiss is granted. If Plaintiff believes he can amend his complaint to cure the deficiencies identified in the Court's ruling, Plaintiff may seek leave to file an amended complaint. Plaintiff shall include a brief explanation of how the amended complaint cures these deficiencies. If Plaintiff fails to file the amended complaint by 7/14/26, the case shall be dismissed with prejudice.

**SO ORDERED.**                                    **ENTERED: July 2, 2026**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**

4