IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIVINGSTON BENNETT, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>Sweet Candy Company,<br><br>Defendant. | CLASS ACTION COMPLAINT<br><br>Case No. 1:26-cv-03391 |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Livingston Bennett ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 15(a)(2) and the Court's Memorandum Opinion and Order dated July 2, 2026 (Dkt. No. 19), for leave to file a First Amended Complaint. In support of this Motion, Plaintiff states as follows:

1. On July 2, 2026, the Court granted Defendant's motion to dismiss (Dkt. No. 11), finding that Plaintiff lacks standing to bring this action. Specifically, the Court held that Plaintiff's allegations regarding his intent to return to Defendant's website -- that it offers a "wide range of candy items," "traditional recipes," "curated product selections," and "flavorful treats" -- were generic descriptors applicable to many candy-selling websites, and failed to articulate concrete, particularized ties to Defendant's website specifically sufficient to show a real and immediate threat of future injury. See Dkt. No. 19, at 2-3 (citing *Cohan v. Kohl's, Inc.*, 2024 WL 3834141, at *2-3 (N.D. Ill. Aug. 15, 2024); *Winegard v. Golftec Intell. Prop. LLC*, 674 F. Supp. 3d 21, 25 (E.D.N.Y. 2023)). The Court granted Plaintiff leave to seek to file an amended complaint if he believed he could cure this deficiency, directed that any

1

such motion include a brief explanation of how the amended complaint cures it, and set a deadline of July 14, 2026, cautioning that failure to file the amended complaint by that date would result in dismissal of the case with prejudice.

2. Explanation of how the proposed First Amended Complaint cures the standing deficiency: The proposed First Amended Complaint adds concrete, non-conclusory factual allegations tying Plaintiff's intent to return specifically to Defendant's website, rather than to candy-selling websites generally, and otherwise strengthens the standing allegations in light of the Court's Order. Specifically:

   a) Individualized, product-specific interest: The amended pleading alleges that Plaintiff was introduced to Defendant's milk chocolate orange sticks by his sister, that he found the product comforting and reminiscent of his childhood, and that this experience -- not a generic interest in candy -- is what prompted his desire to purchase directly from Defendant. It further alleges that Plaintiff was drawn to Defendant's website in particular because it offers a variety pack of other flavored chocolate sticks in addition to the one his sister introduced him to, and that Defendant's own marketing reinforces this specific connection, as Defendant's website advertises that its treats will leave customers "flooded with your favorite childhood memories" and that "you're never too old for a nostalgic treat." These allegations supply the kind of concrete, brand-specific ties that distinguish this case from *Cohan* and *Winegard*. See *Loadholt v. Dungarees, Inc.*, 2023 WL 2024792, at *2 (S.D.N.Y. Feb. 15, 2023).

   b) Present ability and intent to purchase: The amended pleading alleges that Plaintiff has the present ability and intent to complete the purchase, was prepared to do so

on the date he attempted to use the website, and is deterred solely by the access barriers described therein -- not by any lack of interest, means, or intent.

c) Ongoing, immediate injury: The amended pleading reframes Plaintiff's injury as ongoing and presently occurring, rather than as a future contingency, and expressly ties this framing to the standard the Court applied. See *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017). It further alleges that the discriminatory treatment is reasonably likely to continue because Defendant has not represented that it has remediated, or intends to remediate, the barriers at issue.

d) Tester-plaintiff status: The Court's Order noted, as relevant background, that Plaintiff has filed a number of other ADA suits. See Dkt. No. 19, at 3-4 (citing *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019)). The amended pleading directly addresses this point, alleging that Plaintiff's interest in Defendant's milk chocolate orange sticks is genuine, product-specific, and predates this litigation, distinguishing Plaintiff from a tester who is offended by ADA violations on a website with no actual, specific relevance to him.

Together, these allegations satisfy the third element for standing to seek injunctive relief under the ADA and directly respond to each deficiency identified in the Court's Order.

3. A copy of the proposed First Amended Complaint is attached as Exhibit A.

4. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). This Motion is timely filed pursuant to the Court's July 2, 2026, Order, and is not brought for purposes of delay or in bad faith. No party will be prejudiced by the amendment at this early stage of the litigation.

**CONCLUSION**

**WHEREFORE,** Plaintiff respectfully requests that the Court grant this Motion and permit Plaintiff to file the attached First Amended Complaint.

Dated: July 14, 2026

Respectfully Submitted,

**/s/ Alison Chan**
By: Alison Chan, Esq.
EQUAL ACCESS LAW GROUP, PLLC
4903 Avenue N
Brooklyn, NY 11234
O: 844-731-3343 | D: 929-442-2154
Email: Achan@ealg.law
*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 14th day of July 2026, I caused to be served the foregoing

*Plaintiff's Motion for Leave to Amend* on all counsel of record via the Court's CM/ECF system.

Dated:  July 14, 2026

**/s/ Alison Chan_____**
By: Alison Chan, Esq.
EQUAL ACCESS LAW GROUP, PLLC
4903 Avenue N
Brooklyn, NY 11234
O: 844-731-3343 | D: 929-442-2154
Email: Achan@ealg.law
*Attorneys for Plaintiff*
